NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000414
10-JUL-2026
07:48 AM
Dkt. 102 SO

NO. CAAP-24-0000414

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF J.P. MORGAN
ALTERNATIVE LOAN TRUST 2006-S4, Plaintiff-Appellee,
v.
RODNEY YOSHIHARU SATO; SHARLEEN HATSUKO OSHIRO,
Defendants-Appellants,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE
ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC151001310)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

This appeal challenges a foreclosure decree. We affirm.

Defendants-Appellants Rodney Yoshiharu Sato and Sharleen Hatsuko Oshiro (**Appellants**) appeal from the Circuit Court of the First Circuit's (**Circuit Court**)[1] May 14, 2024

_____

[1] The Honorable James H. Ashford presided.

"Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Renewed Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed October 16, 2023" (**MSJ Order**) and Judgment in favor of Plaintiff-Appellee U.S. Bank National Association, as Trustee of J.P. Morgan Alternative Loan Trust 2006-S4 (**U.S. Bank**).

Appellants raise two points of error (**POEs**) in their Opening Brief,[2] contending that the Circuit Court erred by **(1)** "granting summary judgment based solely on [U.S. Bank]'s standing instead of focusing on one of the four crucial elements of foreclosure:  Notice of the Default"; and **(2)** "granting summary judgment despite that [sic] [U.S. Bank] withdrew its Notice of Default by issuing a 'Deceleration' Notice and subsequently not issuing a Notice of Default as to the loan."[3] While the arguments presented do not correspond to the POEs as required by HRAP Rule 28(b)(7) and are somewhat difficult to follow, it appears that Appellants challenge U.S. Bank's standing to enforce the note and the admissibility and adequacy of the default notice.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[2]     The Appellants' Opening Brief was timely filed on the November 12, 2024 deadline.  Ten days after the deadline, however, Appellants' counsel filed an Amended Opening Brief without receiving permission to do so. Appellants' counsel was previously cautioned to timely file documents in this appeal, in a September 3, 2024 order from this court.  U.S. Bank requests that the untimely, unpermitted Amended Opening Brief be stricken or disregarded.  We disregard the untimely Amended Opening Brief and address the timely filed Opening Brief.

[3]     The POEs do not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(ii) and (iii) (requiring record references for where in the record the alleged error occurred, and where and how the alleged error was brought to the Circuit Court's attention and preserved).

the issues raised and the arguments advanced, we resolve this appeal as follows.

### 1. Standing to enforce the note

Appellants challenge U.S. Bank's standing to foreclose under Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017) on two grounds: the blank endorsement to the note and the lack of a continuous chain of possession of the note prior to the filing of the complaint. These challenges are unpersuasive.

Regarding their undated-blank-endorsement challenge, Appellants contend that because there was no admissible proof showing when the blank endorsement was affixed to the note, the note was not properly authenticated. Reyes-Toledo held that a party foreclosing a mortgage must establish it had standing to enforce the note at the time the complaint is filed, and at the time it moves for summary judgment. Id. at 370-71, 390 P.3d at 1257-58. Here, the record reflects a bailee letter sent by the loan servicer, Specialized Loan Servicing LLC (**SLS**), to U.S. Bank's previous law firm, confirming the law firm's receipt of the collateral file with the original note on December 12, 2014, before the July 8, 2015 Complaint was filed. Based on U.S. Bank's previous law firm's business records, Kevin Durham (**Durham**) of the prior law firm attested that a true and correct copy of the original note, Exhibit 5, was received on December 17, 2014. The Exhibit 5 copy of the note shows the blank endorsement on the note. To establish standing under Reyes-Toledo, U.S. Bank needed to submit proof that the blank endorsement was affixed to the note at the time of filing of the Complaint, and Durham's declaration and Exhibit 5 met this requirement. U.S. Bank also established that it still had

possession of the note at the time of its October 16, 2023 renewed motion for summary judgment because its then-counsel, Kevin Morris (**Morris**) of U.S. Bank's current law firm, brought the original note to the November 8, 2023 summary judgment hearing and made it available for inspection. We conclude that Appellants' standing challenge on this ground, lacks merit.

Regarding their lack-of-a-continuous-chain-of-possession challenge, Appellants argue "[t]here was no transmission evidence showing the transfer of the Note from TMLF [(previous law firm)] to SLS," when the Note "was returned to SLS on September 2, 2016," which SLS "then sent to [U.S. Bank's current law firm] in February 2017." Appellants do not point to any authority that requires a foreclosing party to establish a continuous chain of possession for the note, after the foreclosure complaint is filed, leading up to the filing of summary judgment. Reyes-Toledo requires possession at the time of initiation of the action to establish standing to invoke the jurisdiction of the court, and again when moving for summary judgment. Id. Appellants do not dispute the authenticity of the original note that U.S. Bank's current counsel Morris brought to the summary judgment hearing. We conclude that Appellants' standing challenge on this ground, lacks merit.

**2. Admissibility and adequacy of the default notice**

Appellants appear to raise two challenges to the default notices, regarding their admissibility and their adequacy. The first challenge lacks merit and the second is waived.

As to their admissibility challenge, Appellants contend the SLS documents, which included the default notices, lack reliability because the SLS employee's declaration (**SLS**

**declaration**) contained misidentified exhibits and hand-written notations. Appellants also challenge SLS's authority to serve as U.S. Bank's loan servicer from 2012, because a 2015 Limited Power of Attorney from U.S. Bank to SLS was issued after SLS began servicing the loan in 2012. As to the first misidentified-exhibits contention, the record shows that the SLS declaration correctly identified Exhibits E, F, and G as the first, second, and third default notices, and thus Appellants' claim lacks basis. As to the second objection regarding hand-written references in the SLS Declaration, the fact that "Sagent" was handwritten as the name of SLS's computer program and "30" was handwritten as the declarant's number of years of industry experience, does not establish the declarant's lack of knowledge or unreliability of the declaration, and Appellants present no legal argument to the contrary aside from their conclusory assertion. See HRAP Rule 28(b)(7). As for the third challenge based on the 2015 Limited Power of Attorney, Appellants contend, without explanation or legal argument, that this document "does nothing more than provide [SLS] with the power to service the loan after 2015, although it [(SLS)] allegedly took over [(as loan servicer)] in 2012"; and "[t]here is no document evidencing SLS's 'authority' for the years 2013 or 2014, prior to the recordation of the Power of Attorney." Appellants misconstrue the 2015 Limited Power of Attorney. The record reflects that this document acknowledged the existing relationship between U.S. Bank and its loan servicer, SLS, "in connection with [SLS]'s responsibilities to service certain mortgage loans," and conferred authority upon SLS to bring legal action to "collect" on the loans, including "foreclosing on the

properties."[4]  We conclude that none of these challenges to the admissibility of the default notices have merit.

As to the adequacy-of-the-default-notice challenge, Appellants claim the third April 1, 2021 default notice "negated" the two prior default notices[5] by stating that U.S. Bank is "'de-accelerating' any prior acceleration of the total amount owed on the loan to allow borrowers to cure the default within 35 days."  (Emphases omitted.)  Appellants assert that "[n]o evidence of a new or updated Notice of Default was provided" to Appellants, which they contend was required for U.S. Bank to proceed with the foreclosure.  The record reflects that U.S. Bank's April 1, 2021 default notice provided Appellants with the reinstatement amount for the loan, and informed them that if the default was cured within 35 days, that U.S. Bank would dismiss the foreclosure action.  Appellants present no legal authority in their Opening Brief[6] to support their contention that a foreclosing party is required to issue a new or updated notice of default upon providing the borrower with a loan reinstatement amount and allowing them time to cure their delinquency during the pendency of a foreclosure proceeding.  This challenge is waived.  See HRAP Rule 28(b)(7).

---

[4]  This context is set forth in a 2013 Limited Power of Attorney attached as Exhibit "B" to the 2015 Limited Power of Attorney.

[5]  The record reflects that the first February 16, 2010 default notice was filed prior to the July 8, 2015 Complaint; and the second April 20, 2017 default notice and the third April 1, 2021 default notice were filed during the pendency of this foreclosure proceeding.

[6]  The legal authority and argument appears for the first time in the Reply Brief, which is insufficient.  See Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 472 n.17, 164 P.3d 696, 730 n.17 (2007) (concluding that the "point of error is deemed waived for failure to present any argument in [the] opening brief in the first instance and presenting such arguments in [the] reply brief to which no answer could be made" (citations omitted)).

For the foregoing reasons, the Circuit Court's May 14, 2024 MSJ Order and Judgment are affirmed.

DATED: Honolulu, Hawai'i, July 10, 2026.

On the briefs:

Sandra D. Lynch,
for Defendants-Appellants.

Justin S. Moyer,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge